841 F.2d 1123
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony Tyrone LEE, a/k/a Antoine Sharrif Lee, a/k/a "Ant",
Defendant-Appellant.
 No. 87-5589.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 30, 1987.
Decided: Feb. 23, 1988.
 
 (A. Ray Marley, Jr., on brief), for appellant.
 (Robert H. Edmunds, Jr., United States Attorney, Douglas Cannon, Assistant U.S. Attorney, Lisa B. Boggs, Assistant U.S. Attorney, on brief), for appellee.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Tony Tyrone Lee appeals his convictions of conspiracy to possess with intent to distribute and to distribute cocaine and marijuana (21 U.S.C. Sec. 846), possession of 195 grams of cocaine with intent to distribute (21 U.S. Sec. 841(a)(1)), and use of a communication facility to distribute cocaine and marijuana (21 U.S. Sec. 843(b)). Lee's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), indicating that, in his view, there are no meritorious issues for appeal. Lee has filed a supplemental pro se brief. In accordance with the requirements of Anders, supra, we have examined the entire record in this case and find no meritorious issues for appeal. We briefly address the issues raised by counsel.
 
 
 2
 Lee contends that the government asked leading questions of three of its witnesses. Specifically, Lee refers to the prosecutor's question to Gracie Blackwell: "[d]id you believe that [Lee] meant to take over Terry Smith's operation"; and his question to Joseph Payne: "[n]ow you knew [Lee] from his approaching you at previous times and telling you Deborah was trying to get in touch with you. What did you understand that [Lee] did for a living." Upon review of the record, we find these questions to be appropriate follow-up questions to prior testimony of these witnesses, and not to be unduly leading. See United States v. Durham, 319 F.2d 590, 592 (4th Cir.1963) (essential test of leading question is whether it so suggests desired reply that answer is given by witness regardless of actual memory). Lee also complains of the manner in which the prosecutor asked Terri Gray to identify Lee. Although the prosecutor's question could have been better phrased, Gray's testimony revealed substantial reliance on her recollection of Lee, and we do not find that she was led to identify Lee by the form of the prosecutor's question.
 
 
 3
 Lee next argues that insufficient foundation was established for Agent Drdak's identification of Lee's voice on tape-recorded telephone conversations and that Drdak's testimony exceeded the permissible bounds of opinion testimony. Agent Drdak testified that he was able to identify Lee's voice based upon an earlier face-to-face conversation with Lee; this testimony established an adequate foundation under Fed.R.Evid. 901(b)(5). Moreover, Agent Drdak's opinion that the voice was Lee's was admissible under Fed.R.Evid. 701.
 
 
 4
 Finding no merit in these contentions, or in the supplemental arguments raised by Lee, and finding no error upon review of the record, we affirm the judgment of conviction. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. Sec. 3006A, court-appointed counsel has the obligation to advise Lee of his right to petition the Supreme Court for a writ of certiorari and, if Lee desires him to do so, to prepare the necessary papers. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED